Filed 12/30/13  P. v. Lievsay CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHIPPICHANAS LIEVSAY,<br><br>    Defendant and Appellant. | C069963<br><br>(Super. Ct. No. 10F088B) |

Defendant Chippichanas Lievsay appeals from the judgment imposed following his convictions for battery causing serious bodily injury (Pen. Code, § 243, subd. (d)),[1] a serious felony under section 1192.7, subdivision (c); failure to appear (§ 1320, subd. (b)); and attempt to obstruct an officer in the performance of his duties (§ 69).  Defendant contends: (1) the trial court erred in sentencing him under the Three Strikes law, as a battery with serious bodily injury is not the same as a felony causing great bodily injury and therefore, it is not a serious felony; (2) he is entitled to additional presentence conduct credits; and (3) the abstract must be corrected to reflect the correct imposition of

---

[1]  Undesignated statutory references are to the Penal Code.

1

the court security fees and criminal conviction assessments. We find no merit to defendant's claim that battery with serious bodily injury is not a serious felony; however, we agree he is entitled to 24 days of additional presentence conduct credit and the abstract must be corrected to reflect the imposition of $160 in court security fees and $120 in criminal conviction assessments. As modified, the judgment is affirmed.

BACKGROUND

Trinity County Sheriff's Deputy Jeramy Ammon went on a mountain bike ride with his brother-in-law. On the ride, Ammon saw defendant and James Chappell heading towards them. Chappell intentionally slammed his bike into Ammon's bike and both bikes fell to the ground. Chappell stood with his fists clenched and his chest puffed out and Ammon asked him what his problem was. Ammon tried to pick up his backpack and each time he leaned forward, Chappell would move as though he was going to hit Ammon. Meanwhile, defendant walked up behind Ammon with his fists clenched and chest out and asked, "What's up, motherfucker?" To minimize the threat of attack, Ammon triangulated Chappell and defendant; he pushed defendant with his left hand and stepped back placing defendant and Chappell in front and to the side of him. As Ammon backed away, defendant charged Ammon with both hands swinging. After a few swings, defendant punched Ammon in the jaw. Defendant swung a few more times and then made a roundhouse kick toward Ammon's thigh. Ammon blocked the kick with his hand. His hand hurt immediately. He tried to put defendant in a control hold, but his fingers did not function properly and he could not grip with his left hand. Defendant continued kicking and punching at Ammon. Eventually Reserve Deputy Bruce Black broke up the fight and defendant was placed under arrest.

Ammon looked at his hand and discovered his ring finger was bent and swollen and almost overlapping his pinky finger. Doctors treated Ammon at the emergency room for a broken finger and advised Ammon it was in his best interest to have the finger surgically repaired. A metal plate was inserted in his finger. For two and one-half

2

months after surgery, there was some limitation in the mobility of Ammon's finger. The fracture was a serious injury because it had the potential for leaving permanent damage if it had not been treated.

The prosecution filed an information in case No. 10F088B charging defendant with battery causing serious bodily injury (§ 243, subd. (d)) and resisting a peace officer (§ 148, subd. (a)(1)). The information alleged the battery count was a serious felony (§ 1192.7, subd.(c)). The information further alleged defendant had suffered a prior strike conviction for attempted murder and served two prior prison terms (§§ 1170.12, subds. (a)-(d), 667, subds. (a)-(i)). Following trial, the jury found defendant guilty of both counts. In bifurcated proceedings, defendant admitted the prior conviction allegation and the prior prison terms. In separate cases, defendant also pleaded guilty to failure to appear (§ 1320, subd. (b); case No. 10F0187) and no contest to an attempt to obstruct an officer in the performance of his duties (§ 69; case No. 10F0189).[2]

The trial court sentenced defendant to an aggregate term of 13 years and 4 months in prison. In case No. 10F088B, the trial court sentenced defendant to three years, doubled to six under the Three Strikes law for battery causing serious bodily injury, a consecutive five years for the serious felony enhancement, a consecutive one year for the prior prison term enhancement, and 180 days in county jail for the misdemeanor resisting arrest charge with credit for 180 days of time served. In case No. 10F0187, the trial court sentenced defendant to eight months (one-third the middle term) for the failure to appear and in case No. 10F0189 eight months (one-third the middle term) for the attempt to obstruct an officer. These terms were ordered to run consecutive to the sentence in case No. 10F088B. The trial court awarded defendant 450 days of presentence custody credit and 148 days of conduct credit. The trial court also ordered defendant to pay a $200

---

[2] The facts underlying these two cases are not relevant to any issue on appeal and are therefore, not recounted here.

restitution fund fine in each case (§ 1202.4), a $160 court security fee (§ 1465.8), and a $120 court facilities fee (Gov. Code, § 70373).

DISCUSSION

I

Defendant contends, as a matter of statutory interpretation, the five-year enhancement imposed under section 667, subdivision (a) should be reversed because battery with serious bodily injury is not a serious felony, in that serious bodily injury is not the same as great bodily injury under section 1192.7, subdivision (c)(8).  We are not persuaded.

Under section 667, subdivision (a), any person convicted of a serious felony shall receive an additional five-year enhancement for each prior serious felony conviction brought and tried separately.  For purposes of this enhancement, a serious felony is a felony listed in section 1192.7, subdivision (c) (§ 667, subd. (a)(4)).  In addition to a number of enumerated felonies, section 1192.7, subdivision (c) provides that "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice" is a serious felony (§ 1192.7, subd. (c)(8)).  Battery with serious bodily injury is not an enumerated felony under the relevant code sections (§§ 667, subd. (d), 667.5, subd. (c), 1192.7, subd. (c)).  However, it qualifies as a strike conviction if the record shows that in committing the offense the defendant personally inflicted great bodily injury on the victim other than an accomplice (§ 1192.7, subd. (c)(8)).

Defendant's argument rests on the premise that, for purposes of a serious felony sentence enhancement, serious bodily injury has a separate and distinct definition from great bodily injury.  It does not.

" 'Serious bodily injury' " is defined as "a serious impairment of physical condition, including, but not limited to, the following: loss of consciousness; concussion; bone fracture; protracted loss or impairment of function of any bodily member or organ; a wound requiring extensive suturing; and serious disfigurement."  (§ 243, subd. (f)(4).)

4

By contrast, great bodily injury is defined as "a significant or substantial physical injury." (§ 12022.7, subd. (f); § 12022.8; *People v. Escobar* (1992) 3 Cal.4th 740, 749-750 (*Escobar*).) "[T]o be significant or substantial the injury need not be so grave as to cause the victim ' "permanent," "prolonged," or "protracted" ' bodily damage." (*People v. Cross* (2008) 45 Cal.4th 58, 64.) The Legislature intentionally defined great bodily injury more generally and broadly than serious bodily injury. (*Escobar, supra,* 3 Cal.4th at pp. 747-750.) "Nothing indicates the Legislature intended that these two terms should have separate and distinct meanings with regard to a 'serious felony' sentence enhancement, and we perceive no reason to make any distinction between the two terms." (*People v. Moore* (1992) 10 Cal.App.4th 1868, 1871 (*Moore*).) A felony battery "is defined as an offense in which 'serious bodily injury is inflicted on the person.' " (*Ibid.*) Numerous courts, including our Supreme Court have "held that the term 'serious bodily injury,' as intended in section 243, subdivision (d), is 'essentially equivalent' with the element of 'great bodily injury' presented in other criminal statutes. [Citations.]" (*Ibid.*; *People v. Arnett* (2006) 139 Cal.App.4th 1609, 1613-1614 (*Arnett*).) "In fact, great bodily injury has been held to be 'an element of battery under section 243, subdivision (d)' [citation], including for purposes of establishing the enhancement contained in section 667, subdivision (a) [citation]." (*Arnett, supra,* 139 Cal.App.4th at pp. 613-1614.) We continue to agree with *Moore* and *Arnett* and "find that the element of 'serious bodily injury,' as required for felony battery, is essentially equivalent to or synonymous with 'great bodily injury' for the purpose of a 'serious felony' sentence enhancement pursuant to . . . sections 667, subdivisions (a) and (d), and 1192.7, subdivision (c)(8)." (*Moore, supra,* 10 Cal.App.4th at p. 1871.) Accordingly, defendant's contention fails.

## II

Defendant next contends he is entitled to 24 additional days of presentence custody credits. The People agree that defendant's credits must be corrected. We also agree.

Defendant was in custody from June 10, 2010, to September 7, 2010. He was rearrested on November 10, 2010, and remained in custody until May 4, 2011. He was admitted to the state hospital to have his competency to stand trial restored on May 4, 2011, and the certificate finding his competence restored was signed on August 16, 2011. Defendant remained in custody until he was sentenced on November 4, 2011.

Defendant is entitled to custody credits for the time he was in custody, including time in the state hospital. Thus, he is entitled to 450 days of custody credit. However, defendant is not entitled to conduct credit for the time spent in a state hospital having his competency restored. (§ 4019, subd. (a)(4); *People v. Sage* (1980) 26 Cal.3d 498, 502-503.) Thus, defendant is entitled to conduct credit on 346 days of actual custody time, or a total of 172 days of conduct credit. The trial court awarded defendant 148 days of conduct credit. He is entitled to an additional 24 days. We will order the judgment modified and the abstract amended to reflect the award of these additional credits.

## III

Defendant also contends, and the People properly concede, that the abstract of judgment must be corrected to reflect the actual amount of the security fee and criminal conviction assessments imposed by the court.

Defendant was sentenced on three cases in which he was convicted of four counts. The court indicated defendant was to pay a "[c]ourt security fee of $40. Excuse me, that would be $40 as to -- the court security fee of $160, under the provisions of Penal Code section 1465.8. The court facilities fee of a total of $120 under Government Code section [70373, subdivision] (a)(1)." The abstract of judgment reflects the imposition of a $480

6

court security fee under section 1465.8 and $360 court facilities fee under the Government Code.

Section 1465.8 provides an assessment of $40 shall be imposed on every conviction for a criminal offense. Government Code section 70373, subdivision (a)(1) provides for a $30 assessment on each conviction. Defendant sustained four convictions, thus his assessments should have been $160 under section 1465.8 and $120 under Government Code section 70373, subdivision (a)(1). It appears this is the judgment the court orally imposed. We will order the abstract corrected to reflect the judgment as imposed.

DISPOSITION

The judgment is modified to reflect an award of an additional 24 days of presentence conduct credits. The trial court is directed to prepare an amended abstract of judgment properly reflecting the presentence conduct credits; to correct the abstract of judgment to reflect the total of a $160 court security fee under Penal Code section 1465.8 and a $120 criminal conviction assessment under Government Code section 70373, subdivision (a)(1); and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

                                           BLEASE                    , Acting P. J.

We concur:

     MAURO                    , J.

     DUARTE                    , J.